## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

IRAIDA LEMON                              *
17049 King James Way
Gaithersburg, Maryland 20877             *

    *Plaintiffs*,                         *            Civil Action No. 1:18-cv-212

v.                                       *

PERSONAL HOME CARE, LLC                   *
10 Crossroads Drive, Suite 110
Owings Mills, Maryland 21117             *

    *Serve Registered Agent*:             *
    The Corporation Trust, Inc.
    2405 York Road, Suite 201            *
    Timonium, MD 21093-2264
                                         *
MATTHEW AUMAN                             *
10 Crossroads Drive, Suite 110           *
Owings Mills, Maryland 21117
                                         *
    *Defendants*.

*    *    *    *    *    *    *    *    *    *    *    *

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff Iraida Lemon, by and through counsel, LUCHANSKY LAW, on behalf of herself and all other similarly situated employees (collectively the "Class"), file this Original Complaint and Jury Demand against Defendants Personal Home Care, LLC (hereinafter "PHC") and Matthew Auman (collectively "Defendants").

### INTRODUCTION

1.     This lawsuit arises out of Defendants' willful and unlawful conduct in failing to properly compensate Plaintiff and the Class for their earned wages.

1

2.      Members of the Class all share or shared similar job titles, job skills and job responsibilities and were subjected to the same terms and conditions of employment, as well as the same systematic failure by Defendants to properly compensate them for all wages earned.

3.      As a result of Defendants' willful failure to properly compensate the Class for all wages due and owing, Defendants are liable for violations of the Fair Labor Standards Act ("FLSA"), Maryland Wage and Hour Law ("MWHL") and Maryland Wage Payment and Collection Law.  *See* 29 U.S.C. § 201, *et seq.*; Md. Code Ann., Lab & Empl., §§ 3-401, 501, *et seq.*

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction over the claims presented herein pursuant to the FLSA.

5.      The claims set forth pursuant to the MWHL and MWPCL are so related and intertwined with Plaintiff and the Class' claims under the FLSA that they form part of the same case and controversy.  Therefore, this Court has supplemental and ancillary jurisdiction over Plaintiff and the Class' State claim relating to Defendants' willful violations of the MWHL and MWPCL.

6.      Venue is appropriate in this judicial district because this is a judicial district wherein Defendants conduct business and a district wherein many of the unlawful employment practices described herein are believed to have occurred.

**PARTIES**

A.      *Plaintiff.*

7.      Iraida Lemon lives in the State of Maryland and is a former employee of PHC.

**B.**     *Class*

8.     The Class is comprised of both former and current employees of PHC, all of whom are similarly situated as it relates to the claims outlined herein.  All members of the class were employed as "caretakers," "personal care aides," or "providers" (which are terms interchangeably used for the same or substantially similar positions, and all of whom performed the same or substantially similar job duties), were paid at an hourly rate by PHC, were required by PHC to work in excess of 40 hours in a workweek on multiple occasions, and were not paid overtime wages at the rate of time-and-one-half for hours worked in excess of a 40 in a workweek.

9.     Caretakers/providers/personal care aides employed by PHC service primarily elderly clients and offer personal care such as assistance with bathing, eating, cooking, toileting, laundry, and light housekeeping, to clients who in turn pay PHC privately or with commercial insurance.

10.     On information and belief, all caretakers/providers/personal care aides were misclassified by PHC as independent contractors.

**C.**     *Defendants*

11.     Whenever in this Complaint it is alleged that Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, regional managers, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine and normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, regional managers or employees.

       i.      <u>Personal Home Care, LLC.</u>

12.     PHC is a homecare service provider agency with its principle office in Baltimore, and which conducts business throughout Maryland. PHC offers personal care such as assistance with bathing, eating, cooking, toileting, laundry, and light housekeeping, to clients paying privately or with commercial insurance. PHC also works with Medicaid and other governmental payors on behalf of its clients.

13.     PHC is subject to the personal jurisdiction of this Court.

14.     PHC may be served at the address listed in the above caption or wherever an appropriate agent for this Defendant may be found.

15.     PHC was Plaintiff's employer as the term "employer" is defined by the FLSA.

16.     PHC was Plaintiff's employer as the term "employer" is defined by the MWHL.

17.     PHC was Plaintiff's employer as the term "employer" is defined by the MWPCL.

18.     PHC engages in interstate commerce.

19.     PHC conducts interstate commerce.

20.     PHC satisfies the enterprise coverage provisions of the FLSA.

21.     PHC has annual revenue in excess of $500,000.

22.     PHC is an employer which is subject to the terms of the FLSA.

23.     PHC is an employer which is subject to the terms of the MWHL.

24.     PHC is an employer which is subject to the terms of the MWPCL.

      ii.     <u>Matthew Auman</u>

25.     Defendant Matthew Auman is a resident of the State of Maryland.

26.     Matthew Auman is the Chief Executive Officer of PHC.

27.     Plaintiff and the Class recognized Matthew Auman as the CEO of PHC and as someone who had the authority to hire and fire employees and did, in fact, hire and fire employees of PHC. On information and belief, Matthew Auman had the authority to establish, and contributed a significant role to establishing, the terms and conditions of Plaintiff and the Class's employment.

28.     On information and belief, Matthew Auman instructed, or gave approval of, employees performing labor for PHC, for which he knew they were not being properly compensated.

29.     Plaintiff recognized that Matthew Auman had the authority to control and direct the conditions of her employment.

30.     On information and belief, Matthew Auman exercised his control over conditions of Plaintiff and the Class's employment by issuing directives to be carried out by his subordinates.

31.     On information and belief, Matthew Auman knew of and authorized the illegal pay practices described herein.

32.     On information and belief, Matthew Auman was responsible for the payment of Plaintiff and the Class's wages.

33.     On information and belief, Matthew Auman was fully aware and approved of the illegal pay practices described herein.

34.     On information and belief, Auman played a role in creating (or approved of) the documents entitled "Independent Contractor Engagement Checklist" and "Independent Contractor Agreement – Personal Care Aide," which were used for the purpose of misclassifying Plaintiff and the Class as independent contractors.

## FACTUAL ALLEGATIONS

**A.    *Uncompensated overtime hours worked.***

35.    Throughout the last three years of their employment with PHC, the Class were all non-exempt employees pursuant to the FLSA.

36.    Throughout the last three years of their employment with PHC, the Class were all non-exempt employees pursuant to the MWHL.

37.    Hours worked by the Class varied, but members of the Class commonly worked throughout the week (*i.e.* various days, Monday through Sunday), for multiple clients in a day and often in excess of 40 hours per week.  By way of illustration, during many workweeks Lemon worked between 40–55 hours per workweek, all of which was compensated at her straight-time hourly rate.

38.    PHC followed a policy and practice of requiring, or knowingly permitting, Plaintiff and the Class to work over 40 hours in a workweek and refusing to compensate Plaintiff and the Class at the legally required overtime rate of time-and-one-half.

39.    By way of example, PHC compensated Plaintiff Lemon at the rate of $16.50 per hour for all hours worked and all work performed, including overtime hours.

**B.    *Misclassification as Independent Contractors.***

40.    PHC willfully sought to misclassify Plaintiff and members of the Class as independent contractors, improperly seeking to establish an exemption from the obligations imposed by the FLSA and MWHL.  Plaintiff and the Class were improperly classified as independent contractors, they do not meet the State or Federal requirements for independent contractor classification, and they should have been classified as regular employees for whom PHC must comply with the FLSA and MWHL.

41.     By way of illustration, PHC took the following steps in order to willfully misclassify Lemon as an independent contractor: (1) PHC completed a document entitled "Independent Contractor Engagement Checklist," in which PHC went through a strategic process in which it examined 16 areas of Lemon's employment as part of its standard process for misclassifying all caregivers/providers/personal care aides as independent contractors; (2) PHC required Lemon to execute a 10 page document entitled "Independent Contractor Agreement – Personal Care Aide," which, *inter alia*, improperly informs Lemon in section 7 that "PHC is not required to pay overtime"; and (3) PHC required Lemon to execute a 3 page document entitled "Organizational Standards," which outlines various policies Lemon was required to adhere to throughout her employment, and which in section 6(C) ("PHC Policies and Procedures") makes reference to further PHC policies and procedures that Lemon was required to adhere to, stating "PHC's Compliance Plan specifies the creation of policies and procedures for both employees and contractors . . . The full Compliance Plan is available upon request."

42.     Plaintiff did not have discretion with regard to the exact manner and exact means of rendering services to PHC clients.

43.     Plaintiff was not responsible for providing her own equipment or tools for the provision of services provided to PHC clients.

44.     PHC oversaw and supervised the manner in which Plaintiff implemented clients' care plans.

45.     Plaintiff was economically dependent on PHC.

46.     Plaintiff did not operate an independent business in providing home healthcare services while working for PHC.

47.    Plaintiff did not work for other employers or entities providing home healthcare services while working for PHC.

48.    PHC determined Plaintiff's clients and work schedule.

49.    Plaintiff was dependent upon PHC to provide her with clients.

50.    PHC had control over the manner in which Plaintiff's work was performed.

51.    Plaintiff's opportunities for profit or loss were dependent on PHC, not Plaintiff's skill or abilities.

52.    Plaintiff did not have the ability to generate more money based on her skill or hard work.

53.    The services Plaintiff performed for PHC were integral to PHC's business.

**C.**    ***Failure to accurately track and compensate the Class for all hours worked.***

54.    PHC had a duty to maintain accurate records of all hours worked by Plaintiff and the Class.

55.    PHC failed to maintain accurate records of all hours worked by Plaintiff and the Class.

56.    By way of illustration, Lemon was regularly required to work additional hours which were not recorded and for which she was not compensated.

57.    PHC's failure to maintain accurate records of all hours worked by Plaintiff and the Class was willful.

58.    At times, PHC did not use any time tracking system to track hours worked by Plaintiff or members of the Class.

59.    Defendants were aware that they were not accurately recording all of the hours worked by Plaintiff and the Class.

60.    PHC adhered to a policy whereby it refused to pay Plaintiff and the Class for hours worked which went beyond those otherwise scheduled by PHC.  By way of illustration, Lemon was required to execute a document entitled "Independent Contractor Agreement – Personal Care Aide," which provides as follows in Section 4: "PHC shall not pay Contractor for any hours worked in excess of those hours specified in Client's Plan of Service."  Lemon worked hours in excess of the Plan of Service, for which she was not compensated.

61.    PHC adhered to a policy whereby it refused to compensate employees for hours worked when traveling between client assignments.  By way of illustration, PHC may have assigned Lemon to work for "Client A" from 8:00 a.m. to 12:00 p.m., and then "Client B" in a different location from 12:30 p.m. to 5:30 p.m.  In such a situation, Lemon was required to travel from Client A to Client B, but PHC unlawfully refused to compensate her for the travel time incurred.  This scenario (or one substantially similar) occurred to Lemon on multiple occasions throughout her employment.

**D.    *Defendants acted "willfully."***

62.    Defendants acted willfully, as that term is used in the context of the MWHL, MWPCL and FLSA in their failure to properly compensate Plaintiff.

63.    Defendants knew, or had reason to know, that the Class was performing work, which was for the benefit of Defendants, while the Class was not receiving the legally required compensation.

64.    This knowledge derives from the various facts described herein, including, but not limited to, scheduling caretakers with clients for hours that total an excess of 40 hours in a week for the caretaker, while failing to compensate him/her at the legally required overtime premium rate.

65.    Despite the fact that Defendants knew, or had reason to know, that the Class was performing work for Defendants' benefit during periods when the Class was not being compensated properly, Defendants continued to allow the Class to perform this work and failed to properly compensate the Class for the work performed.

66.    Despite the fact that Defendants, on information and belief, were aware of the wage and hour laws, Defendants failed to comply with these laws.

67.    Defendants regularly instructed or knowingly permitted the Class to perform overtime work with the intention of not paying them at the applicable overtime premium rate.

68.    Defendants carried out the above described illegal pay practices for the purpose of compensating the Class at less than they were legally entitled to receive.

## FLSA COLLECTIVE ACTION ALLEGATIONS

69.    Plaintiff and other similarly situated employees worked for Defendants as "caretakers," "personal care aide," or "providers" (or any other similar title, all of which reflect employees who performed the same or substantially similar job duties) and provided care for clients of PHC, with such care services primarily being performed in the homes of the respective clients.

70.    Defendants compensated members of the Class at a flat hourly rate for all hours worked, including overtime hours.

71.    Members of the Class employed by Defendants are non-exempt employees and are entitled to the protections of the FLSA and MWHL.

72.    Pursuant to the FLSA, Defendants were required to compensate the Class at their regular hourly rate for all hours actually worked and at the overtime premium rate for hours worked in excess of forty (40) in a single workweek.

73.    Defendants have refused, and continue to refuse, to pay the Class their proper regular wages and overtime compensation to which they were and are legally entitled.

74.    Defendants knew that Plaintiff and other similarly situated employees typically and customarily worked in excess of 40 hours in a seven-day workweek, as non-exempt employees.

75.    Plaintiff commences this collective action on behalf of herself and those similarly situated under the FLSA for the payment of wages owed reflecting the overtime rate of not less than one and a half (1.5) times the regular rate of pay against the Defendants.

76.    Plaintiff consents to be a party plaintiff in this matter.  Plaintiff's consent form is attached hereto.  *See* ECF I.  It is likely that other individuals will join Plaintiff during the litigation of this matter and similarly file written consents with the Court.

77.    There are numerous similarly situated current and former employees of the Defendants that have been harmed by the common scheme of Defendants to underpay its employees and violate the FLSA.

78.    These similarly situated persons are known to Defendants and are readily identifiable through Defendants' records.

79.    Many of these similarly situated employees would benefit from the issuance of court-supervised notice, granting them the opportunity to join this lawsuit.  Upon information and belief, others will choose to join Plaintiff in this action against the Defendants and opt-in to this lawsuit to recover unpaid wages and other available relief.

**COUNT I**
**Violation of the Fair Labor Standards Act – Overtime Wages**
**(Asserted by all Class members against all Defendants)**

80.     The Class hereby incorporates all allegations set forth in all of the foregoing paragraphs as though fully alleged herein.

81.     This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. section 207, for Defendants' failure to pay overtime wages to the Class for all time worked in excess of forty hours per week.

82.     The Class was regularly directed by Defendants to work, and did so work, in excess of 40 hours in one or more individual work weeks.

83.     Defendants required the Class to work hours for which she was not compensated at all, including hours that were worked in excess of 40 hours in one or more individual work weeks.

84.     Pursuant to 29 U.S.C. section 207, for all weeks during which the Class worked in excess of 40 hours, the Class was entitled to be compensated at a rate of one-and-one-half times her regular rate of pay for the time worked in excess of 40 hours.

85.     Defendants did not compensate the Class at a rate of one-and-one-half times the Class's regular rate for all time worked in excess of 40 hours in individual workweeks.

86.     Defendants' failure to pay overtime wages for time worked in excess of 40 hours per week and its failure to pay the Class entirely for certain work performed was a violation of the Fair Labor Standards Act, 29 U.S.C. section 201, *et seq*.

87.     Defendants' failure and refusal to pay all wages owned was a willful violation of Fair Labor Standards Act, 29 U.S.C. section 207, *et seq*.

WHEREFORE, the Class prays for a judgment against Defendants as follows:

a.      Judgment against Defendants for violation of the wage provisions of the FLSA;

b.      Judgment that Defendants' violations as described above were willful;

c.      An award in an amount equal to the Class's unpaid back wages owed;

d.      An award to the Class of unpaid wages owed, liquidated damages and penalties where provided by law, and interest thereon, subject to proof at trial;

e.      An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. 216 section and/or any other applicable laws;

f.      An award of prejudgment interest to the extent liquidated damages are not awarded;

g.      Award of reasonable attorneys' fees and costs in the event of an appeal, as well as post-judgment interest consistent with applicable law; and

h.      For such other and further relief, in law or equity, as this Court may deem appropriate and just.

**COUNT II**
**Maryland Wage and Hour Law**
**Md. Code Ann., Lab & Empl. § 3-401, *et seq.***
**Failure to pay wages owed for all hours worked and failure to pay overtime**
**(Asserted by all Class members against all Defendants)**

88.      The Class hereby incorporates all allegations set forth in all of the foregoing paragraphs as though fully alleged herein.

89.      The Class was not paid for all hours actually worked, are protected by the MWHL, and are/were entitled to be paid at their regular hourly rate for each hour worked.  Md. Code Ann., Lab & Empl. § 3-401, *et seq.*

90.     Defendants did not compensate the Class her regular hourly rate for each hour worked.

91.     Defendants' failure to pay the Class the appropriate wages for all hours worked violated MWHL.

92.     The Class was entitled to be compensated for all hours worked and to be compensated at 1.5 times her regular hourly wage for each hour worked over 40 in a single workweek.

93.     Defendants did not compensate the Class for all hours worked and did not compensate the Class at 1.5 times her regular hourly wage for each hour worked over 40 in a single workweek.

94.     Defendants' failure to compensate the Class at 1.5 times her regular hourly wage for each hour in excess of 40 hours per workweek violated the MWHL.

95.     As a direct and proximate result of Defendants' violations of the MWHL, the Class suffered significant damages.

96.     Pursuant to the MWHL, Defendants are liable to the Class for all hours worked which were not compensated and for the difference between the wages paid to the Class and the wages required by statute, plus reasonable attorneys' fees, pre- and post- judgment interest, fees and costs.

WHEREFORE, the Class prays for a judgment against Defendants as follows:

a.     Judgment against Defendants for violation of the overtime provisions of the MWHL;

b.     Judgment that Defendants' violations as described above were willful;

c.     An award in an amount equal to all unpaid back wages for the Class;

d.    An award to the Class for the amount of unpaid wages owed, up to treble damages and penalties where provided by law, and interest thereon, subject to proof at trial;

e.    An award of reasonable attorneys' fees and costs pursuant to the MWHL and all other applicable laws;

f.    An award of prejudgment interest to the extent liquidated or treble damages are not awarded;

g.    Award of reasonable attorneys' fees and costs in the event of an appeal, as well as post-judgment interest consistent with applicable law; and

h.    For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## COUNT III
### Maryland Wage Payment and Collection Law
### Md. Code Ann., Lab & Empl. § 3-501, *et seq.*
### (Asserted by all Class members against all Defendants)

97.    The Class hereby incorporates all allegations set forth in all of the foregoing paragraphs as though fully alleged herein.

98.    The Class was Defendants' "employee" pursuant to § 3-501 and § 3-502 of the MWPCL.

99.    Defendants were the Class's "employers" pursuant to § 3-501 and § 3-502 of the MWPCL.

100.    As the Class's "employers," Defendants were obligated to pay the Class all wages due for the work that was performed, including overtime wages.

101.    As outlined above, Defendants failed to compensate the Class for overtime wages owed.

102.    Defendants' failure and refusal to pay overtime wages to the Class were not the result of a *bona fide* dispute.

WHEREFORE, the Class demands entry of a money judgment against Defendants in an amount equal to three times (3x) the amount of all unpaid wages that Defendants failed to pay the Class and all wages improperly deducted, attorneys' fees, costs, and expenses of this action incurred as a result of Defendants' failure to pay the Class what was legally owed, and for such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems proper.

### JURY DEMAND

103.    The Class demands a trial by jury on all issues triable to a jury.

Dated: January 23, 2018                              Respectfully submitted,

                                             /s/ *Judd G. Millman*
                                             Judd G. Millman (Fed. Bar No. 18212)
                                               judd@luchanskylaw.com
                                             Bruce M. Luchansky (Fed. Bar No. 08439)
                                               lucky@luchanskylaw.com
                                             Samuel C. Pinsky (Fed. Bar No. 19575)
                                               sam@luchanskylaw.com
                                             LUCHANSKY LAW
                                             606 Bosley Avenue, Suite 3B
                                             Towson, Maryland 21204
                                             Telephone: (410) 522-1020
                                             Facsimile: (410) 522-1021
                                             *Attorneys for Plaintiffs*

16