IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

|  |  |
|---|---|
| IRAIDA LEMON )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PERSONAL HOME CARE, LLC, *et al.*, )<br>)<br>Defendants. )<br>) | C.A. No.: 1:18-CV-212-RDB |
| EFIM FAYER and JELENA JURKOVA )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>PERSONAL HOME CARE, LLC, *et al.*, )<br>)<br>Defendants. )<br>) | C.A. No.: 1:18-CV-1276-RDB |

[PROPOSED] ORDER

WHEREAS, the Parties have reached a settlement to resolve their differences with respect to all allegations and claims that have been raised or could have been raised in the above-captioned matters pursuant to the terms and conditions of their Settlement Agreement and Release (the "Settlement Agreement"). Having reviewed the Joint Motion for Judicial Approval of Settlement Agreement and Release of Wage Claims, (*see Lemon*, ECF 27; *Fayer* ECF 17) (the "Motion"), and having reviewed the Settlement Agreement between the parties attached thereto, the Court FINDS (1) there is a bona fide dispute regarding the classification of Plaintiffs by Defendants as employees or independent contractors under the Fair Labor Standards Act; (2) the Parties' settlement represents a "fair and reasonable resolution" of that bona fide dispute; (3) the

1

Parties' Settlement Agreement was negotiated at arms-length and is not the product of fraud or collusion; and (4) the portion of the settlement allocated to attorneys' fees and costs is reasonable under the circumstances. *See, e.g., Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982); *Navarro v. Eternal Trendz Customs, LLC*, No. TDC-14-2876, 2015 U.S. Dist. LEXIS 24828, at *3-4 (D. Md. Feb. 27, 2015) (quoting *Lynn's Food Stores*).

Accordingly,

1. The Court APPROVES the terms of the Settlement Agreement and the Motion is GRANTED.

2. The above-captioned action is hereby DISMISSED WITH PREJUDICE in its entirety;

3. Each party shall be responsible to pay her, his, and its own costs, disbursements and attorneys' fees incurred in connection with the above-captioned action, except to the extent otherwise provided in the Settlement Agreement; and

4. This Court and the undersigned Judge hereby retain jurisdiction over the enforcement of, and any dispute arising under, the Settlement Agreement.

SO ORDERED, by the Court:

Date: Aug. 27, 2018

Hon. Stephanie Gallagher
United States Magistrate Judge